UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESTERN CONSOLIDATED PREMIUM PROPERTIES, INC., 1500 LORENE, LLC, AND 2700 WHITNEY, LLC | CIVIL ACTION |
| VERSUS | NO. 06-4845 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | SECTION 'K"(5) |

## ORDER AND OPINION

Before the Court is the "Motion for New Trial or to Alter or Amend the Court's Findings" filed on behalf of plaintiffs Western Consolidated Premium Properties, Inc., 1500 Lorene, LLC, and 2700 Whitney, LLC (Doc. 100). In this motion plaintiffs challenge the Court's oral findings and decision stated on the record on July 15, 2009 and clarified in a written order on July 29, 2009 (Doc. 96), with respect to Travelers' Motion Regarding Insurance Coverage (Doc. 66). Plaintiffs move the Court pursuant to Federal Rules of Civil Procedure 52 and 59 to "grant them a new trial and/or conduct an additional hearing and/or alter or amend its findings stated in an oral decision given of July 15, 2009 and clarified in an order entered on July 27, 2009 . . .." Doc. 100, p. 1. Specifically, plaintiffs urge that there is a question of fact concerning whether the North Carolina properties replaced the Louisiana properties and that resolution of that issue should be left to the appraisal panel. Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

"Under Rule 52(b) of the Federal Rules of Civil Procedure, a party may petition the trial court to amend it findings of fact within ten days of the entry of judgment. The purpose of motions

to amend is to correct manifest errors of law or fact or, in some situations, to present newly discovered evidence." *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1209 (5th Cir. 1986). A Rule 52(b) motion should not be used "to introduce evidence that was available at trial but not proffered, to relitigate old issues, to advance new theories or to secure a rehearing on the merits." *Id.*

Plaintiffs do not specify which section of Rule 59 they rely upon in seeking the relief requested. Rule 59(a) permits the granting of new trials in both jury and non-jury trials. However, because there was no trial in this matter, the Court construes plaintiff's motion as a motion to alter or amend a trial pursuant to Rule 59(e). This Court has recognized four grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, (4) or an intervening change in controlling law. *In Re Katrina Canal Breaches Consolidated Litigation*, 2009 WL 5216897 at 1(E.D. La. December 29, 2009). The Court has further recognized that "[r]econsideration of a judgment is an extraordinary remedy which courts should use sparingly." *Id.* (*see* Wright, Miller & Kane, *Federal Practice & Procedure*: Civil 2d §2810.1, p. 124, *Fields v. Pool Offshore, Inc.*, 1998 WL 43217 (E.D. La. Feb. 3, 1998); *Bardwell v. Sharp*, 1995 WL 517120, at 1 (E.D. La. Aug. 30, 1995). The Fifth Circuit Court of Appeals has instructed that the standard for Rule 59(e) "favors denial of motion to alter or amend a judgment." *Southern Contractors Group, Inc. v. Dynalectric Company*, 2 F.3d 606, 611 (5th Cir. 1993).

Prior to ruling upon defendant's "Motion Regarding Insurance Coverage," the Court carefully reviewed the parties' briefs and the relevant law. At the oral argument on the motion the Court conscientiously listened to the parties' arguments, considered them in the context of the

relevant law and the facts presented. At the conclusion of the hearing the Court ruled, in pertinent part, that there was no genuine issue or dispute of material fact with respect to whether the North Carolina properties replaced the Louisiana properties and that the North Carolina properties did incrementally replace the Louisiana properties.

In reviewing plaintiffs' motion and its prior rulings, the Court has not detected any manifest error of law or fact upon which it based its rulings. Nor have plaintiffs offered any "new evidence" which requires reconsideration of the Court's prior rulings. Therefore, the motion is DENIED.

New Orleans, Louisiana, this 6th day of December, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE