UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESTERN CONSOLIDATED PREMIUM PROPERTIES, INC., 1500 LORENE, LLC, AND 2700 WHITNEY, LLC | CIVIL ACTION |
| VERSUS | NO. 06-4845 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | SECTION 'K"(5) |

## ORDER AND OPINION

Before the Court is the "Motion to Vacate the Appraisal Award" filed on behalf of plaintiffs Western Consolidated Premium Properties, Inc., 1500 Lorene, LLC, and 2700 Whitney, LLC (Doc. 147). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

Plaintiffs filed suit against Westchester Surplus Lines Insurance Company[1] ("Westchester") and Travelers Insurance Company[2] ("Travelers") seeking to recover damages sustained by three apartment complexes in the New Orleans area as a result of Hurricane Katrina. Plaintiffs also sought penalties and attorneys fees under Louisiana law for the insurers alleged arbitrary and capricious failure to timely tender funds reasonably due under the various policies insuring the properties.

After plaintiffs filed suit, the parties focused their efforts on settlement. Westchester

---

[1] Westchester provided insurance covering property damage and business interruption losses between $10,000,000.00 and $30,000,000.00.

[2] Travelers Insurance Company provided the third layer of coverage and provided coverage for property damage and business interruption losses between $30,000,000.00 and $300,000,000.00.

tendered its policy limits in December 2006. Thereafter Travelers and plaintiffs began mediation that resulted in a settlement agreement resolving certain claims, not relevant to this motion. The settlement did not affect the plaintiffs' claim under the "Business Interruption, Extra Expense and Rental Value/Rental Income coverages. However, with respect to those claims the settlement agreement provided:

> The parties agree to attempt to resolve the insureds' Business Interruption, Extra Expense and Rental Value/Rental Income claims by first attempting to further negotiate and adjust the loss between them and if that is unsuccessful they agree to mediate the dispute, in a non-binding mediation, before a mediator agreed to by the parties. In the event the mediation does not result in a settlement of the claims, the parties agree to appraise the Business Interruption, Extra Expense and Rental value/Rental Income claims pursuant to the terms of the insurance policy, subject to any modifications the parties agree upon.

Doc. 9-3, Exhibit A.

The parties proved unable to resolve the matter. Before the appraisal process began Travelers filed a motion seeking determinations with respect to several insurance coverage issues. The Court held a hearing on Travelers' motion. Following oral argument, the Court ruled that Travelers had not waived its right to contend that the North Carolina properties were replacements for the Louisiana properties. Additionally the Court stated:

> I have found that as a general matter of law, ultimately the North Carolina properties replace the Louisiana properties, as I understand the facts presented.
>
> But as to when that occurred in full is a matter for the Appraisal Board. And the accounting, as to what credits go to the – what credits go to the benefit of the insurance company, Travelers vis-a-vis the North Carolina replacement property will of course have to be determined by the Appraisal Board as well.

Transcript of July 15, 2009 Hearing, p. 70. In response to a request from counsel for plaintiffs that

the Court clarify its ruling concerning the latitude that the appraiser would have with respect to the replacement property issue, the Court issued an order stating, in pertinent part: 1) "the North Carolina properties purchased by plaintiffs constituted replacement property for the Louisiana property damaged by Hurricane Katrina"; 2) "the replacement of the properties commenced with the purchase of the first North Carolina property"; 3) "the issue of when the replacement of the properties ended was to be determined by the appraisers"; and 4) "[i]f any party desired to revisit the issue of when the replacement of the properties commenced, then the appraisers could []make alternative findings on that issue." Doc. 96.

In October 2011, the Appraisal Board rendered its findings which resulted in an award to plaintiffs, of $2,863,455.00.[3] Less than three weeks later, Travelers tendered a check to plaintiffs for $143,979.68, the difference between the appraisal award and the amount previously paid by Travelers for loss of business income/rental value/rental income.

Plaintiffs move to vacate the appraisal award urging that the Appraisal Board "made an erroneous award" and "imperfectly executed their powers." Doc. 159, p. 1. The essence of plaintiffs' motion is that the Court's July rulings are incorrect and that because the Appraisal Board "felt constrained" by the Court's July 15, 2011 ruling, it did not make alternative findings concerning when the replacement of the Louisiana properties commenced and failed to consider a number of positions urged by plaintiffs during the appraisal process.

Under Louisiana law, appraisal awards are considered to be arbitration awards. *See Musso's Corner, Inc. v. A & R Underwriters, Inc.*, 539 So.2d 919 (La. App. 4th Cir. 1989). The parties agree

---

[3] The award of the Appraisal Board acknowledged that it did not take into account the sums already paid by Travelers or any credits that Travelers may have be entitled to claim.

that La. Rev. Stat. §9:4210 sets forth the applicable grounds for vacating the award of the Appraisal Board. The statute provides that an award maybe vacated:

> A. Where the award was procured by corruption, fraud, or undue means.
> B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
> C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
> D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made

La. Rev. Stat. 9:4120.

Plaintiffs have not established any of the grounds provided for in the statute for vacating the award. The Court has previously concluded that its July rulings were not based on any manifest error of law or fact and declined to alter or amend those rulings. Thus, plaintiffs' contention that the July 15, 2009 order was in error and needs to be modified is not persuasive. Nor is there any indication that the Appraisal Board felt "constrained" by the Court's July 15, 2009 ruling. The Court notes that plaintiffs proceeded with the appraisal process following the Court's July 15, 2009 ruling and made no attempt to stay the appraisal process pending resolution of plaintiffs' "Motion for New Trial or to Alter or Amen the Court's Findings." Nothing in the Appraisal Award itself

indicates that the appraisers felt "constrained," and the award includes no details concerning how the appraisers arrived at the award. Considering the record before the Court, there is no basis upon which the Court can conclude that the appraisers felt "constrained" as plaintiff speculates.

Accordingly, the motion is DENIED.

New Orleans, Louisiana, this 12th day of December, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE