UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WESTERN CONSOLIDATED PREMIUM PROPERTIES, INC., 1500 LORENE, LLC, AND 2700 WHITNEY, LLC | CIVIL ACTION |
| VERSUS | NO. 06-4845 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY AND TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA | SECTION 'K"(5) |

## ORDER AND OPINION

Before the Court is the "Motion for Summary Judgment" filed on behalf of defendant Travelers Property Casualty Company of America ("Travelers") (Doc. 147). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, GRANTS the motion.

Plaintiffs filed suit against Westchester Surplus Lines Insurance Company[1] ("Westchester") and Travelers[2] ("Travelers") seeking to recover damages sustained by three apartment complexes in the New Orleans area as a result of Hurricane Katrina. Plaintiffs also sought penalties and attorneys fees under La. Rev. Stat. 22:658 and La. Rev. Stat. 22:1220, now designated La. Rev. Stat. 22:1892 and 22:1973 respectively,[3] for the insurers alleged arbitrary and capricious failure to timely tender funds reasonably due under the various policies insuring the properties.

---

[1] Westchester provided insurance covering property damage and business interruption losses between $10,000,000.00 and $30,000,000.00.

[2] Travelers provided the third layer of coverage and provided coverage for property damage and business interruption losses between $30,000,000.00 and $300,000,000.00.

[3] In 2008, the Louisiana legislature passed Act No. 413 which, in part, redesignated La. Rev. Stat. 22:658 and 22:1220 as La. Rev. Stat. 22:1892 and 22:1973 respectively.

After plaintiffs filed suit, the parties focused their efforts on settlement. Westchester tendered its policy limits in December 2006. Thereafter Travelers and plaintiffs began mediation that resulted in a settlement agreement resolving plaintiffs' claims against Travelers under the policy for "any claims for indemnity, damages, liability, and/or obligation whatsoever whether under contract, quasi-contract, common law bad faith, statutory theory, or otherwise." The settlement did not affect the plaintiffs' claims "for any wrongful claims handling which occurs after the date of this agreement" or under the "Business Interruption, Extra Expense and Rental Value/Rental Income" coverages. Additionally, with respect to the claims for "Business Interruption, Extra Expense and Rental Value/Rental Income" the settlement agreement provided:

> The parties agree to attempt to resolve the insureds' Business Interruption, Extra Expense and Rental Value/Rental Income claims by first attempting to further negotiate and adjust the loss between them and if that is unsuccessful they agree to mediate the dispute, in a non-binding mediation, before a mediator agreed to by the parties. In the event the mediation does not result in a settlement of the claims, the parties agree to appraise the Business Interruption, Extra Expense and Rental Value/Rental Income claims pursuant to the terms of the insurance policy, subject to any modifications the parties agree upon.

Doc. 9-3, Exhibit A.

The parties proved unable to resolve the matter. In October 2011, the panel of appraisers rendered its findings awarding plaintiffs $2,863,455.00.[4] Less than three weeks later, Travelers tendered a check to plaintiffs for $143,979.68, the difference between the appraisal award and the amount previously paid by Travelers for loss of business income/rental value/rental income.

---

[4] The appraisal award acknowledged that in awarding plaintiffs $2,863,455.00, it did not take into account the sums already paid by Travelers or any credits that Travelers may have be entitled to claim.

Travelers now seeks summary judgment on plaintiffs' remaining claims for breach of contract and bad faith under La. Rev. Stat. 22:1892 and La. Rev. Stat. 22:1973.

## Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)( quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

Law and Analysis

Plaintiffs offer no opposition to Travelers' motion for summary judgment on their breach of contract claim other than urging that defendant is not entitled to summary judgment on that claim "so long as there remains a dispute over the Appraisal award." Doc. 152-1, p. 6. Having denied plaintiffs' "Motion to Vacate the Appraisal Award," the Court concludes that there is no genuine issue of material fact remaining concerning plaintiffs' claim for breach of contract. Therefore, Travelers is entitled to summary judgment on the claim for breach of contract.

Travelers is also entitled to summary judgment on plaintiffs' claim for statutory penalties under Louisiana law. Plaintiffs oppose the motion asserting that they have not conducted discovery with respect to Travelers' claim handling practices or is claim decisions on their claim and should be allowed to conduct such discovery before the Court rules on the motion for summary judgment. Plaintiffs' contention is not persuasive.

Louisiana Rev. Stat. 22:1892 provides that an insured is entitled to statutory penalties if an insurer fails to pay a claim within thirty days of the insured providing satisfactory proof of loss *and* the insurer's failure to timely pay is arbitrary, capricious, or without probable cause. La. Rev. Stat. 22:1973 penalizes similar behavior. It permits an insured to recover consequential damages that result from an insurer's failure to pay a claim within sixty (60) days of receiving satisfactory proof of loss, if the delay in payment is "arbitrary, capricious, and without probable cause." La. Rev. Stat.

22:1973.  Thus, to recover under either statute, the plaintiff must demonstrate that the insurer (1) received a satisfactory proof of loss; (2) that the insurer failed to pay within the designated time period, and (3) that the failure to pay was arbitrary, capricious or without probable cause. *Boudreaux v. State Farm Mutual Automobile Insurance Company*, 896 So.2d 230, 233 (La. App. 4th Cir. 2005).  *Boudreaux v. State Farm Mutual Automobile Insurance Company*, 896 So.2d 230, 233 (La. App. 4th Cir. 2005).  The phrase  "arbitrary, capricious, or without probable cause" is synonymous with "vexatious." *Sher v. Lafayette Insurance Company*, 988 So.2d 186, 206 (La. 2008).  The Louisiana Supreme Court has noted that  "vexatious refusal to pay means unjustified, without reasonable or probable cause or excuse.  Both phrases describe an insurer whose willful refusal of a claim is not based on a good-faith defense." *Id.* (internal quotation and citation omitted).

In the course of settling certain claims against Travelers on February 22, 2007, plaintiffs released their claims:

> for indemnity, damages, liability and/or obligation whatsoever whether under contract, quasi-contract, common law bad faith, statutory theory, or otherwise, which were or might have been claimed under any or all of the terms, conditions, agreements or provisions of Policy No. KTXJ-CMB-296T229-5-05 ("the policy") issued by the said insurance company to the insureds, **except . . . such claims for any wrongful claims handling which occurs after the date of this agreement**.

Doc. 142-2, p. 2 (emphasis added).  After entering into that agreement, the parties continued to attempt to resolve this matter and ultimately, pursuant to the cited settlement agreement, submitted the matter to a panel of appraisers.  However, prior to submitting the matter for the appraisal process, the Court resolved various insurance coverage issues which were presented to it in a motion by Travelers. After resolution of those coverage issues, the parties proceeded with the appraisal process. Nineteen (19) days after the appraisal panel issued the appraisal award, Travelers sent

5

plaintiffs a check for the difference between the amount awarded plaintiff in the appraisal award and the prior payments made by Travelers on the business income/rental value/rental income claim.

Considering the varied and complex insurance coverage issues involved in this case which had to be resolved prior to submitting plaintiffs' claim to the appraisal, the Court finds that Travelers' failure to pay plaintiff's claim prior to the arbitration award was not "arbitrary, capricious or without probable cause" as a matter of law. Moreover, because Travelers paid plaintiffs the amount due under the appraisal award well within the statutory period mandated under La. Rev. Stat. 22:1892 and 22:1973, Travelers made timely payment of the claim, and it is therefore entitled to summary judgment. Accordingly, the Court grants Travelers' motion for summary judgment and dismisses plaintiffs claims for statutory penalties.

Based upon the appraisal award, the denial of plaintiffs' motion for new trial (Doc.160), the denial of plaintiffs' "Motion to Vacate the Appraisal Award" (Doc. 166), and the granting of this motion for summary judgment, the Court finds that all claims brought by plaintiffs in this matter have been either ruled upon or resolved. Now that Travelers has voluntarily dismissed its counterclaim (Doc. 167), there are no outstanding claims in this case. Therefore, the Court directs the parties to submit to the Court, not later than **December 22, 2011**, a joint judgment they approve as to form on for entry by the Court.

New Orleans, Louisiana, this 16th day of December, 2011.

STANWOOD R. DUVAL, JR.
UNITED STATES DISTRICT JUDGE